MELVIN R. GRIMES, ESQ.
Nevada Bar No: 12972
Melg@grimes-law.com
THE GRIMES LAW OFFICE
808 South 7th Street
Las Vegas, NV 89101
p: (702) 347-4357
f: (702) 224-2160
*Attorney for Plaintiff*

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***********

| | |
|---|---|
| JAMES W. LESCINSKY | CASE NO: 2:18-cv-01479 |
| Plaintiff, | |
| vs. | |
| CLARK COUNTY SCHOOL DISTRICT, A political subdivision of the State of Nevada, PAT SKORKOWSKY, individually and in his official capacity as Superintendent of Clark County School District, TAMMY MALICH, individually and in her capacity as Assistant Superintendent of Clark County School District, MIKE BARTON, individually and in his official capacity as Chief Academic Officer of Clark County School District, CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT, A political subdivision of the State of Nevada, JAMES KETSAA, individually and in his capacity as Chief of Police for Clark County School District Police Department, CHRISTOPHER KLEMP, individually and in his role as a Internal Affairs Detective for Clark County School District Police Department, KENNETH YOUNG, individually and in his official capacity as a Police Captain for the Clark County School District Police Department, ROE and DOE SUPERVISORS, not yet known, | **COMPLAINT** **and** **JURY DEMAND** |
| Defendants. | |

COMES NOW, Plaintiff James W. Lescinsky, by and through his attorney, MELVIN R. GRIMES, ESQ. of The Grimes Law Office, and hereby files her Complaint, alleging the following:

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 & 1343, and 42 U.S.C. § 1983, § 1985, and § 1988 and supplemental jurisdiction with respect to state law claims pursuant to 28 U.S.C. 1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial portion of the events and conduct giving rise to the violations of law complained of herein occurred in this District.

## PARTIES TO THIS ACTION

2. At all times relevant herein, Plaintiff, James W. Lescinsky, was a resident of Clark County Nevada.

3. At all times relevant herein, Defendant CLARK COUNTY SCHOOL DISTRICT (hereinafter "CCSD") was, and remains, a political subdivision of the State of Nevada. Defendant CCSD is a school district in the State of Nevada.

4. Defendant CCSD is responsible for the training, hiring, control and supervision of all its Employees and Supervisors as well as the implementation and maintenance of official and unofficial policies. At all times relevant herein, CCSD employed Co-Defendants Pat Skorkowsky and Tammy Malich.

5. At all times relevant herein, Defendant Pat Skorkowsky (hereinafter "Skorkowsky") was the employed as Superintendent of Clark County School District for the State of Nevada. Skorkowsky was acting at all times in his capacity as Superintendent of CCSD, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing Skorkowsky individually and in his official capacity as Superintendent of CCSD.

6. At all times relevant herein, Defendant Tammy Malich (hereinafter "Malich") was employed as Assistant Superintendent of the Alternative Education Division of CCSD. Malich is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing Malich in her individual capacity as well as her official capacity as Assistant Superintendent of CCSD.

7. At all times relevant herein, Defendant Mike Barton (hereinafter "Barton") was employed as Chief Academic Officer of CCSD and acted as an agent of the Office of the Superintendent of

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

1 CCSD. Barton is a United States citizen and, upon information and belief, a resident of Clark

2 County, Nevada. Plaintiff is suing Barton in his individual capacity as well as his official

3 capacity as Chief Academic Officer of CCSD and agent of the Office of the Superintendent of

4 CCSD.

5 8. At all times relevant herein, Defendant CLARK COUNTY SCHOOL DISTRICT POLICE

6 DEPARTMENT (hereinafter "CCSDPD") was, and remains, a political subdivision of the

7 State of Nevada. Defendant CCSDPD is a police department serving CCSD in the State of

8 Nevada.

9 9. Defendant CCSDPD is responsible for the training, hiring, control and supervision of all its

10 Officers and Supervisors as well as the implementation and maintenance of official and

11 unofficial policies. At all times relevant herein, CCSDPD employed Co-Defendants Chief

12 James Ketsaa, Detective Christopher Klemp, and Captain Ken Young.

13 10. At all times relevant herein, Defendant James Ketsaa (hereinafter "Ketsaa") was employed as a

14 Chief of Police with CCSDPD. Ketsaa is a United States citizen and, upon information and

15 belief, a resident of Clark County, Nevada. Plaintiff is suing Ketsaa in his individual capacity

16 as well as his official capacity as Chief of CCSDPD.

17 11. At all times relevant herein, Defendant Christopher Klemp (hereinafter "Klemp") was

18 employed as a Detective in the Internal Affairs division of CCSDPD. Klemp is a United States

19 Citizen and, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing

20 Klemp in his individual capacity as well as his official capacity as an Internal affairs Detective

21 with CCSDPD.

22 12. At all times relevant herein, Defendant Kenneth Young (hereinafter "Young") was employed

23 as a Captain in the CCSDPD. Young is a United States Citizen and, upon information and

24 belief, a resident of Clark County, Nevada. Plaintiff is suing Young in his individual capacity

25 as well as his official capacity as a Police Captain for CCSDPD.

26 ## ALLEGATIONS COMMON TO ALL CLAIMS

27 13. Paragraphs 1- 12 are hereby incorporated and included as though fully set forth herein.

28 14. On May 21st, 2015, the Plaintiff was on duty as a school Police Officer at Jeffery Behavioral

1   School in Las Vegas, Nevada.

2   15. A fight broke out between two students in the school cafeteria school staff was initially able to

3   separate the fighting parties removing one of the students from the cafeteria.

4   16. The remaining student remained belligerent and began fighting with staff.

5   17. Responding to the request for assistance by the teacher, the Plaintiff responded to the fight in

6   the prescribed method to deescalate the situation as quickly as possible.

7   18. While separating the belligerent parties, the teacher who initially attempted to stop the fight

8   was accidentally struck on the hand by the Plaintiff using his baton causing a minor fracture to

9   her finger.

10  19. The remaining student then fled the cafeteria and the Plaintiff pursued her on foot into the

11  hallways of the school.

12  20. The student made allegations that the Plaintiff had used excessive force by slamming her into a

13  wall and slammed her on the ground.

14  21. These allegations were later refuted by CCSDPD Sergeant Mitch Maciszak who indicated that

15  he had reviewed the surveillance footage from the school which did not support the allegation

16  that the Plaintiff had used excessive force.

17  22. Sergeant Maciszak additionally noted that because the footage from the cafeteria was

18  "choppy," he could not clearly see the Plaintiff's use of his baton in the cafeteria.

19  23. The Plaintiff had to use his baton, as a last resort, to control a situation that posed significant

20  danger to the parties involved as well as the students in the vicinity.

21  24. The juvenile involved in the fight, Amia Nevitt, was ultimately detained in the hallway after a

22  short pursuit and subsequently arrested and charged with participating in a fight.

23  25. The police report authored by the Plaintiff was ultimately reviewed and approved by Sergeant

24  Robert Valdez, Lieutenant Roberto Morales, and Captain Kenneth Young.

25  26. Upon review, the Plaintiff's chain of command found the Plaintiff's action with regards to this

26  incident to be within department training standards.

27  27. Detective Klemp began interviewing witnesses on June 2, 2015 to include Tarita Corbin,

28  Lashunda Woods, Monique Wells, Latrice Williams, Tarika Rushing, and Jasmine January.

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

28. The Plaintiff was notified on June 30, 2015 that Detective Klemp had initiated an administrative investigation into the incident on May 21, 2015 reference codes CR2015-0033 and DR#1505-03665.

29. On July 28th, 2015, the Plaintiff was notified by Detective Klemp that he was facing possible disciplinary action and that, contrary to department policy and practice, he had already submitted the case to the Federal Bureau of Investigation and United States Department of Justice; care of Special Agent Amber Leszcezynski.

30. Upon information and belief, Detective Klemp and Special Agent Amber Leszcezynski had a previous and ongoing personal relationship.

31. The Plaintiff received a follow up notification on September 19, 2015 notifying him that the administrative investigation would include reference code UF#2015-0024.

32. On February 12, 2016, during an FBI interview of Malich, conducted by Special Agent Amber Leszcezynski, Malich expressed her opinion that the plaintiff's conduct on May 21, 2015 was excessive based on her conversations with multiple witnesses unfamiliar with the force guidelines of CCSDPD.

33. During her interview, Malich stated that she had recommended that the Plaintiff be reassigned because he is a white police officer in a predominantly African-American school and the injured staff member and students subsequently arrested were African-American.

34. Malich conducted her own investigation, in cooperation with the ongoing investigation by Detective Klemp, as demanded by the mother of the student that was arrested.

35. The investigation conducted by Malich was not impartial and was conducted with the sole goal of gathering any information she could use to achieve her goal of removing the plaintiff from his assignment at Jefferey Behavioral School and as an officer with CCSDPD while disregarding any information that did not confirm her preconceived narrative.

36. While Captain Young initially "balked at her request," the Plaintiff was reassigned to another school on July 24, 2015 through a department directive proposed by Captain Young and ordered by Chief Ketsaa.

37. On February 12, 2016, the Plaintiff was placed on administrative leave with pay in response to

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

1   the incident on May 21, 2015.

2   38. On April 13, 2016, the Plaintiff received a "Target Letter Relating to Violation of Federal Civil

3       Rights Laws" via hand delivery at his home.

4   39. On May 18. 2016, the Plaintiff was served with a summons in a criminal case charging him

5       with deprivation of rights under color of law, tampering with a witness, and falsification of a

6       document.

7   40. On May 27, 2016, the Plaintiffs administrative leave was modified to be without pay pending

8       the outcome of the Department of Justice criminal investigation and his Federal criminal trial.

9   41. Following a trial on August 12, 2016, in the United States District Court for the District of

10      Nevada, the plaintiff was ultimately found not guilty for all charges brought against him by the

11      Department of Justice.

12  42. On August 15, 2016, the Plaintiff was reinstated to his position as a police officer for CCSDPD

13      but was denied the opportunity to return to his prior assignment.

14  43. On September 16, 2016 the investigation was listed as administratively closed.

15  44. The Plaintiff's acquittal aside, his reputation as a police officer has been tarnished beyond

16      repair as he has been rejected for employment by dozens of police departments across the

17      country; one police chief stated that he "wouldn't touch him with a 10-foot pole" with

18      reference to the Plaintiff.

19                          **FIRST CLAIM FOR RELIEF**

20      *(42 U.S.C. Section 1983 – Racial Discrimination – CCSD; Skorkowsky; Malich; CCSDPD; Ketsaa; and Young)*

21  45. Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 44,

22      above, as though fully set forth herein.

23  46. Defendants each and every one acted, directed, caused to be directed, or permitted other to

24      reassign Plaintiff from his duties and assignment based on racial discrimination.

25  47. Defendant Malich admitted that she requested Plaintiff be reassigned from his assignment

26      because Plaintiff is a white police officer.

27  48. Defendant Young consented to the reassignment and made the request a formal

28      recommendation to the Chief Ketsaa.

49. Defendants Ketsaa and Skorkowsky failed to intervene or take action that would have protected the Plaintiff from reassignment based on race.

50. Defendants violated the Plaintiff's fifth and fourteenth Amendment Rights of Due Process and Equal Protection under the law.

51. Defendant's actions violated NRS 613.330.

52. Plaintiff is therefore entitled to relief pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

53. Plaintiff has been forced to hire an attorney to protect his rights and bring the instant action and is entitled to relief pursuant to 42 U.S.C. § 1988.

54. Defendant's action has caused significant harm to the Plaintiff's reputation.

55. Defendant's actions have caused damages to the Plaintiff in the amount of $500,000.

56. Defendant has been forced to obtain legal counsel to defend his civil rights and prosecute this present action

57. Defendant is therefore entitled to Attorney's Fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

*(Monell Claim - CCSD; Skorkowsky; Malich; CCSDPD; Ketsaa; and Young)*

58. Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 55, above, as though fully set forth herein.

59. Defendants were made aware through a letter and supporting documentation regarding the past and ongoing gross misconduct and improper government actions of Detective Klemp CCSDPD, Chief Ketsaa, and the Clark County District Attorney's Office sent by CCSDPD police officers to include: Lieutenant Daniel Burgess, Sergeant Anthony Russo, Officer Jason Martin, Officer Michael Thomas, and Officer John Maier.

60. Defendants knew or should have known about ongoing behavior of Detective Klemp including the withholding of exculpatory evidence in relation to the investigation of Officer Jason Martin; Detective Klemp's false testimony given in the arbitration hearing connected to Officer Martin; the necessity of the CCSDPD Officers to seek assistance from the FBI due to their concern with CCSDPD Internal Affairs while under the control of Detective Klemp; the incentivized pay from CCSD to Detective Klemp to encourage Internal Affairs investigations;

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

ongoing attempts to shield official misconduct from public release; and the institutional protection of Detective Klemp with regards to his gross official misconduct.

61. The above-referenced letter including the supporting documentation was addressed to Superintendent Skorkowsky and delivered on January 30, 2015 by Anthony Russo, President of the Police Officers' Association of the Clark County School District addressing the misconduct of Klemp with regards to numerous CCSDPD Internal Affairs investigations.

62. Neither Skorkowsky nor CCSD made any attempt to remedy the situation or conduct an impartial investigation into the matter.

63. In response to Klemp's ongoing misconduct, limited or no punishment was issued by CCSD, CCSDPD, or its leadership.

64. On numerous occasions, Detective Klemp has stated that he has the full support and protection of CCSD, the Office of the Chief of Police, as well as the Superintendent's Office through his friends, namely Chief Academic Officer Mike Barton who Detective Klemp referred to as his "friend in high places" who had taken care of him in the past and would continue to do so.

65. On September 22, 2014, Klemp was notified by former CCSDPD Officer Michael Marshall and Lieutenant Daniel Burgess of a recorded conversation of Kevin Miranda in relation to a death resulting from a DUI that took place on November 29. 2009.

66. The recorded conversation indicated that, now, Chief Ketsaa attended the party where minors, including Kevin Miranda, were supplied with alcohol which subsequently led to the death of Angela Peterson.

67. This matter had been successfully buried by CCSD, CCSDPD, and its leadership as to limit possible exposure.

68. Detective Klemp, at the direction of the CCSD and CCSDPD leadership, began an investigation into Officer Marshall and Lieutenant Burgess for obtaining potentially incriminating information that had been previously buried.

69. Officer Michael Marshall subsequently resigned as a result of Klemp's investigation and was given a favorable letter of recommendation from Chief Ketsaa in exchange for his ongoing silence.

70. Ultimately, the investigation served its sole purpose to protect CCSD, CCSDPD, Skorkowsky, and Ketsaa ensuring that the buried information stay buried and the officers who had knowledge were discredited.

71. CCSD and CCSDPD acted in concert with the gross misconduct of Detective Klemp by not only condoning but incentivizing his behavior with monetary incentives to seek departmental punishments for police officers, including the plaintiff, through intimidation, manipulation of evidence, threats to tarnish the officer's reputations as to render them unemployable in other police departments, and with his demonstrated willingness to provide untruthful testimony.

72. Upon the Plaintiff's return to duty, Detective Klemp, in the presence of Captain York, initiated a confrontation with the Plaintiff which led to a retaliatory suspension of the Plaintiff authorized by CCSDPD, Ketsaa, and Young.

73. Plaintiff should be awarded damages in the amount of $500,000 under the above-pled violation of civil rights or as a separate alternative cause of action.

74. Defendant has been forced to obtain legal counsel to defend his civil rights and prosecute this present action

75. Defendant is therefore entitled to Attorney's Fees pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

*(RACKETEERING (NRS 207) – All Defendants)*

76. Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 71, above, as though fully set forth herein.

77. That the Defendants are an enterprise for the sake of Racketeering since they are natural persons and a legal entity as defined by NRS 207.380.

78. That the Defendants engaged in crimes related to racketeering as outlined NRS 207.360, specifically:

    a. Extortion

    b. Perjury or subornation of perjury

    c. Offering false evidence

79. That Defendant's actions constitute no less than two crimes related to racketeering as required

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

1    by NRS 207.390.

2    80. That Defendant's actions had the same intended victim as required by NRS 207.390.

3    81. That Defendant's actions are not isolated incidents as no less than one person other than

4        Plaintiff has come forward claiming the same or similar acts by the Defendants.

5    82. That Defendant's actions violated NRS 207.390 as outlined supra.

6    83. That NRS 207.470 permits a civil recovery by a victim from Defendants engaged in

7        Racketeering.

8    84. That Plaintiff is entitled to three times the damages as provided by NRS 207.470.

9    85. That the actions of the Defendants were willful and in conscious disregard of the Plaintiff's

10       well-being and civil liberties, therefore, Plaintiff is entitled to an award of punitive damages to

11       be determined at trial.

12   86. That as a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff

13       has been forced to engage the services of an attorney, incurring attorney's fees and costs to

14       bring this action.

15   87. Even though the Plaintiff had been cleared of any wrong doing by his chain of command and

16       Clark County District Attorney's Office had declined to press charges, Klemp, under direct

17       authority of CCSD and CCSDPD, continued to investigate this matter.

18   88. Upon notification that no charges would be files at the local level, Klemp abused his position,

19       power, and authority by contacting a personal friend, Special Agent Amber Leszcezynski with

20       the FBI, and provided a grossly mischaracterized account of the occurrences of May 21, 2015

21       in order to further the prosecution of the Plaintiff.

22   89. Detective Klemp violated the Plaintiff's rights to privacy and the department policy by

23       unilaterally deciding to involve an outside law enforcement entity to further prosecute a claim

24       that had been investigated, reviewed, and cleared by all of the local authorities.

25   90. Detective Klemp sought out prosecution of the Plaintiff because he did not personally view the

26       Plaintiff as fit to serve as officer in CCSDPD event though the evidence overwhelmingly

27       showed that the Plaintiff's innocence.

28   91. Detective Klemp testified in an arbitration regarding a use of force complaint against Officer

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

Jason Martin. Under oath, Klemp offered false testimony as to his qualifications and extent of his training.

92. Although this false testimony was reported to CCSD, CCSDPD, and its leadership directly, no action was taken to address the false testimony provided by Klemp.

93. On December 18, 2014 Klemp contacted Officer John Maier to discuss an ongoing Internal Affairs and gossip as to his opinion of various officer employed by CCSD and CCSDPD.

94. Unbeknownst to Klemp, Officer Maier recorded the conversation in its entirety.

95. During the recorded conversation, Klemp provided confidential information about other officers of CCSDPD and warned Officer Maier that "…if you ever mention it again I am going to call you a fucking liar…"

96. Klemp went on to use his position to threaten Officer Maier saying "…if you say anything about this… I'm going to call you a motherfucking liar and I'll come at you like a whirlwind because I have to protect myself."

97. That Defendants have taken the same or similar action constituting racketeering against two other persons identified *Supra*.

98. Klemp's actions described above, which have been supported and reinforced by CCSD, CCSDPD, and its leadership, were committed knowingly, willfully, and maliciously with the intent to harm, injure, vex, harass, and oppress the Plaintiff. As a result, Plaintiff should be awarded punitive and exemplary damages.

99. Plaintiff's claims and damages are limited by NRS 41.035 to $100,000 per occurrence

100.   Plaintiff asserts Defendant's engaged in three (3) intentional acts against the Plaintiff.

101.   Plaintiff should be awarded damages, as pled *Supra*, in the amount of $300,000.

102.   Plaintiff should be awarded treble damages in the amount of $900,000.

103.   Plaintiff should be awarded punitive damages in the amount of $30,000,000.

## FOURTH CLAIM FOR RELIEF

*(Intrusion Upon Seclusion, Restatement of the Law, 2nd, Torts 652B – CCSD, CCSDPD, and Klemp)*

104.   Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 97, above, as though fully set forth herein.

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

105.    The Plaintiff maintained a reasonable expectation that CCSD. CCSDPD, and their authorized agents would maintain and preserve the privacy of his official personnel to include past disciplinary action unsubstantiated or otherwise.

106.    That it is a widely known CCSD and CCSDPD policy to ensure privacy with regards to individual personnel records to include, but not limited to, disciplinary records, training records, and private information.

107.    Detective Klemp, under direction and approval of CCSD, CCSDPD, and its leadership, disclosed the information gathered through an internal investigation along with the entirety of the Plaintiff's personnel file to Special Agent Amber Leszcezynski.

108.    Special Agent Amber Leszcezynski was not privy to the information gathered in this investigation or the contents of the Plaintiff's personnel file.

109.    The information relative to the internal investigation was to remain private as none of the complaints which initiated the investigation were substantiated.

110.    The contents of the Plaintiff's personnel file were private and intimate and were held by CCSD and CCSDPD in the closest of confidence.

111.    The Plaintiff at no point authorized any of the Defendant's to disclose the information which was gathered as a result of the internal investigation or the contents of his personnel file.

112.    As a result of the conduct mentioned herein, Plaintiff suffered sever emotional, psychological, and mental pain and suffering.

113.    As a result of the conduct mentioned herein, the Plaintiff has suffered substantial injury to his professional reputation that cannot, even with his acquittal, be repaired.

114.    As a result of the conduct mentioned herein, the Plaintiff has been informally labeled as a "Brady Cop"[1] which has eliminated virtually any possibility of employment with any other law enforcement agency.

---

[1] Police officers who have been dishonest are referred to as "Brady cops". Because of the *Brady* ruling, prosecutors are required to notify defendants and their attorneys whenever a law enforcement official involved in their case has a confirmed record of knowingly lying in an official capacity. Police officers fear that prosecutors and police supervisors will use access to their personnel files to abuse the Brady Cop designation, by labeling officers as Brady cops in order to punish them outside of formal disciplinary channels and those channels' attendant procedural protections. Kamb, Lewis; Nalder, Eric (January 29, 2008). *"Cops who lie don't always lose jobs"*. *Seattle Post-Intelligencer.*

115.    Klemp's actions described above, which have been supported and reinforced by CCSD, CCSDPD, and its leadership, were committed knowingly, willfully, and maliciously with the intent to harm, injure, vex, harass, and oppress the Plaintiff. As a result, Plaintiff should be awarded punitive and exemplary damages.

## FIFTH CLAIM FOR RELIEF

*(Defamation – All Defendants)*

116.    Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 109, above, as though fully set forth herein.

117.    Throughout the initial investigation and subsequent Federal criminal trial, the Defendants made the following statements with regards to the Plaintiff:

    a.    That the Plaintiff did, in fact, exercise excessive force with relation to occurrence of May 21, 2015.

    b.    That the Plaintiff, because of his skin color, was unfit to maintain his assignment at Jeffrey Behavioral School.

118.    Upon information and belief, the Defendants reasonably understood that the statements were about the Plaintiff as the statements were made of, concerning, and mentioned the Plaintiff expressly and with regards to the above-mentioned conduct.

119.    Every statement was completely false, as found at trial, and they are defamatory, and slanderous on their face, and exposed the Plaintiff to hatred, contempt, and ridicule because at no point has the Plaintiff been anything other than an upstanding officer of the law, in that the statements connote that the Plaintiff is unfit to hold his position as an officer of the law.

120.    These statements were heard by multiple members of the CCSDPD and later relayed to the Department of Justice which based upon the defamatory statement launched a criminal investigation which resulted in an indictment and criminal trial.

121.    As a proximate result of the above-described publication, the Plaintiff has suffered loss to his reputation, severely diminished future employment opportunities, shame, mortification, and hurt feelings, all to his general damages.

122.    Defendants actions described above, were committed knowingly, willfully, and maliciously

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

with the intent to harm, injure, vex, harass, and oppress the Plaintiff. As a result, Plaintiff should be awarded punitive and exemplary damages.

123.    Plaintiff's claims and damages are limited by NRS 41.035 to $100,000 per occurrence

124.    Plaintiff asserts Defendant's engaged in at least one acts of Defamation.

125.    Plaintiff should be awarded $100,000 in compensatory damages.

### SIXTH CLAIM FOR RELIEF

*(Intentional Infliction of Emotional Distress – All Defendants)*

126.    Plaintiff incorporates by reference their allegations contained in Paragraphs 1 through 116, above, as though fully set forth herein.

127.    Defendant Malich acted with complete disregard for the emotional impact caused by her highly inappropriate assertions that the Plaintiff was no longer fit to serve in his position based on his race.

128.    Defendants CCSD, CCSDPD, Skorkowsky, Ketsaa, and Young adopted this position by capitulating to Malich's request to remove the Plaintiff from his post by recommending the reassignment of the Plaintiff and then ordering his reassignment despite their clear acknowledgment that such a request was extreme and outrageous.

129.    Defendant Klemp acted with intent to cause emotional distress to the Plaintiff by continuing to seek prosecution on a matter that had been cleared by every local law enforcement entities by presenting mischaracterizations and falsehoods in order to force the Plaintiff to resign from his position as a police officer for CCSDPD.

130.    The conduct engaged in by the defendants was extreme, outrageous, and beyond the bounds of common decency, and undertaken with the intention of and in reckless disregard for causing the Plaintiff distress.

131.    Defendants Skorkowsky, Malich, Ketsaa, Klemp, and Young were acting in the course and scope of their employment with CCSD and CCSDPD when they engaged in the above-mentioned acts against the Plaintiff. Defendants CCSD and CCSDPD are vicariously liable for the conduct described herein.

132.    Upon information and belief, defendants Malich, Ketsaa, and Young, actually engaged in

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160

1  the outrageous and extreme behavior against the Plaintiff. Supervisors also authorized, ratified,

2  or otherwise approved of the outrageous and extreme behavior against the Plaintiff.

3  133.   As a direct and proximate result of the conduct mentioned herein, Plaintiff suffered severe

4  emotional, psychological, and mental pain and suffering

5  134.   The acts described above were committed knowingly, willfully, and maliciously with the

6  intent to harm, vex, harass, and oppress the Plaintiff. As a result, the Plaintiff should be

7  awarded punitive and exemplary damages against Defendants.

8  135.   Plaintiff's claims and damages are limited by NRS 41.035 to $100,000 per occurrence

9  136.   Plaintiff asserts Defendant's engaged in at least one acts of Intentional Infliction of

10  Emotional Distress.

11  137.   Plaintiff should be awarded $100,000 in compensatory damages.

12  138.   Plaintiff is entitled to reasonable attorney's fees and costs against Defendants.

13  <u>**PRAYER FOR RELIEF**</u>

14  **WHEREFORE**, Plaintiff's pray for a judgment in favor of Plaintiff's and against all

15  Defendants as follows:

16  1.  For compensatory and special damages for violation of 42 USC 1983 in the amount of

17  $500,000;

18  2.  For compensatory and special damages pursuant to *Monell* in the amount of $500,000;

19  3.  Treble damages pursuant to NRS 207.470 in the amount of $1,500,000.

20  4.  For compensatory and special damages for violation of state law in the amount of $100,000

21  per claim totaling $300,000;

22  5.  For Compensatory damages for Defamation in the amount of $100,000.

23  6.  For Compensatory damages for Intentional Infliction of Emotional Distress in the amount

24  of $100,000.

25  7.  For punitive damages in the amount of 100 times the total damages awarded;

26  8.  For Attorney's Fees and Cost incurred pursuant to 42 USC § 1988;

27  9.  For Such other relief as this court deems appropriate.

28

Respectfully submitted this _____ day of August 2018.

THE GRIMES LAW OFFICE

MELVIN R. GRIMES, ESQ.
Nevada Bar No: 12972
Melg@grimes-law.com
THE GRIMES LAW OFFICE
808 South 7th Street
Las Vegas, NV 89101
p: (702) 347-4357
f: (702) 224-2160
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, THE GRIMES LAW OFFICE, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted this ___8___ day of August 2018.

THE GRIMES LAW OFFICE

MELVIN R. GRIMES, ESQ.
Nevada Bar No: 12972
Melg@grimes-law.com
THE GRIMES LAW OFFICE
808 South 7th Street
Las Vegas, NV 89101
p: (702) 347-4357
f: (702) 224-2160
*Attorney for Plaintiff*

**VERIFICATION**

STATE OF NEVADA     )
                                        ) ss:
COUNTY OF CLARK  )

I, JAMES W. LESCINSKY, under penalties of perjury, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT AND JURY DEMAND and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

DATED this ___ day of August 2018.

_____
JAMES W. LESCINSKY

SUBSCRIBED and SWORN
To me by ** JAMES W. LESCINSKY **
This _____ Day of August 2018

_____
Notary Public

SHANNON M. GRIMES
Notary Public-State of Nevada
APPT. NO. 15-3331-1
My App. Expires October 01, 2019

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160