# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James W. Lescinsky, | Case No.: 2:18-cv-01479-JAD-DJA |
| Plaintiff | |
| v. | **Order Granting Motions to Dismiss and Denying Anti-SLAPP Motions as Moot** |
| Clark County School District, et al., | |
| Defendants | [ECF Nos. 11, 13, 18, 19] |

In 2015, Clark County School District Police Officer James Lescinsky responded to school fight in which he was accused of using excessive force against a student and teacher. He was reassigned to another school and ultimately acquitted of the charges. He now sues the school district, its police department, various school officials, and the principal investigator for racial discrimination under 42 U.S.C. § 1983, municipal liability under *Monell*, and state-law claims for racketeering, intrusion upon seclusion, defamation, and intentional infliction of emotional distress.[1] Defendants move to dismiss Lescinsky's claims as either time-barred, privileged, or otherwise deficient. They also move to dismiss under Nevada's anti-SLAPP statute, NRS § 41.660, claiming that this is a meritless lawsuit targeting First Amendment protected speech. Lescinsky's delay in filing this lawsuit has rendered all but his racketeering claim time-barred, so I dismiss those claims with prejudice as untimely. Because Lescinsky did not plead racketeering with the specificity required, I dismiss that claim without prejudice and

---
[1] ECF No. 1.

with leave to amend. And because I am dismissing all claims in the original compliant, I also deny the anti-SLAPP motions as moot.

## Background[2]

On May 21, 2015, Lescinsky responded to a fight between students in the cafeteria at Jeffrey Behavioral School.[3] Two students had been fighting, and school staff had removed one of the students from the cafeteria.[4] The second student began fighting with staff, and Lescinsky attempted to intervene and, in the process, he struck a teacher with his baton, fracturing her finger.[5] The student ran off, so Lescinsky pursued her into the school's hallways.[6] The student alleged that Lescinsky slammed her into the wall and the ground.[7]

Clark County School District Police Department (CCSDPD) Detective for Internal Affairs Christopher Klemp and Assistant Superintendent of Clark County School District (CCSD) Tammy Malich investigated the incident.[8] Detective Klemp notified Lescinsky "that he was facing possible disciplinary action" and that he had submitted the case to the Federal Bureau of Investigation (FBI).[9] Lescinsky was assigned to another school that summer and placed on administrative leave the following February.[10] In May 2016, he was served with summons for a federal criminal complaint "charging him with deprivation of rights under color of law,

---

[2] These facts are merely a summary of those alleged in Lescinsky's complaint and are not intended as factual findings.
[3] ECF No. 1 at ¶ 14-15.
[4] *Id.* at 3–4 ¶ 15.
[5] *Id.* at 4 ¶ 18.
[6] *Id.* at ¶ 19.
[7] *Id.* at ¶ 20.
[8] *Id.* at 4–5.
[9] *Id.* at 5 ¶ 29.
[10] *Id.* at 5–6 ¶¶ 36–38, 40.

2

tampering with a witness, and falsification of a document."[11] After a four-day that began on August 8, 2016, this court entered a judgment of acquittal on August 15, 2016.[12] Lescinsky was reinstated, and the administrative investigation was closed.[13]

Lescinsky then filed this complaint, asserting causes of action for racial discrimination under 42 U.S.C. § 1983 and alleging that CCSD, CCSDPD, former Superintendent Pat Skorkowsky, Assistant Superintendent Tammy Malich, Chief Academic Officer Mike Barton, Chief of Police James Ketsaa, Police Captain Kenneth Young (the CCSD Defendants), and former CCSDPD Detective for Internal Affairs Christopher Klemp are liable under a *Monell* theory of liability, and for racketeering, intrusion upon seclusion, defamation, and intentional infliction of emotional distress.[14] The CCSD Defendants and Detective Klemp move to dismiss under Federal Rule of Civil Procedure 12(b)(6), and each also filed a special motion to dismiss under Nevada's anti-SLAPP statute.

**Discussion**

**A.    Most of Lescinsky's claims are time-barred.**

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"[15] "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."[16]

---

[11] *Id*. at 6 ¶ 39.

[12] *United States v. Lescinsky*, 2:16-cr-00153, at ECF Nos. 41, 42 (D. Nev. Filed May 17, 2016).

[13] ECF No. 1 at 6 ¶ 42–43.

[14] *Id*.

[15] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

[16] *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).

3

### 1. Intrusion upon seclusion

Lescinsky's intrusion-upon-seclusion claim rests on his allegation that Detective Klemp violated his right to privacy when Klemp gave the FBI his employment file on July 28, 2015.[17] Nevada law provides a two-year statute of limitations in NRS 11.190(4) for actions in tort.[18] Because Lescinsky did not file this complaint until more than three years after the allegedly tortious conduct, this claim is time-barred. In any event, Lescinsky concedes that he cannot prevail on this claim because the FBI subpoenaed his employment file, which precludes him from proving any damages.[19] I dismiss this claim.

### 2. Intentional infliction of emotional distress

Lescinsky's intentional-infliction-of-emotional-distress claim is based on two events: (1) his assignment to another school based on Assistant Superintendent Malich's alleged assertion that Lescinsky was "unfit to maintain his assignment at Jeffrey Behavioral School" because of his race;[20] and (2) that Detective Klemp continued to investigate him and referred the case to the FBI.[21] As above, the two-year statute of limitations under NRS 11.190(4) applies. According to the complaint, CCSDPD reassigned Lescinsky to another school on July 24, 2015,[22] and

---

[17] ECF No. 1 at 5 ¶ 29, 107.

[18] *Turner v. Cty. of Washoe*, 759 F. Supp. 630, 637 (D. Nev. 1991) (applying the two-year statute of limitations to privacy torts under NRS 11.190).

[19] *See* ECF No. 36 at 6 (opposition to Klemp's anti-SLAPP motion); ECF No. 17 at 14 (opposition to Kemp's motion to dismiss); ECF No. 11-1 at 21–24 (subpoena).

[20] ECF No. 1 at 14 ¶ 127.

[21] *Id*. at ¶ 129.

[22] *Id*. at 5 ¶ 36.

Detective Klemp submitted the case to the FBI some time prior to July 28, 2015.[23] Because Lescinsky did not file this complaint until August 9, 2018, this claim is also time-barred.

### 3. Defamation

As the foundation for his defamation claim, Lescinsky alleges that defendants made two defamatory statements during the investigation and at trial:

> a. That the Plaintiff did, in fact, exercise excessive force with relation to occurrence of May 21, 2015.
>
> b. That the Plaintiff, because of skin color, was unfit to maintain his assignment at Jefferey Behavioral School.[24]

Nevada law imposes a two-year statute of limitations on defamation claims.[25] Lescinsky does not plead any facts to show that either statement occurred during trial. Instead, he contends that both occurred before the trial started on August 8, 2016.[26] The administrative investigation began on June 30, 2015, and closed after the trial on September 16, 2016.[27] He also alleges that Assistant Superintendent Malich told the FBI that Lescinsky's conduct was "excessive" during an interview on February 12, 2016.[28] And his reassignment, which he asserts stemmed from Malich's comments, occurred sometime before July 24, 2015.[29] All of these allegedly defamatory statements occurred at least two years before Lescinsky filed his complaint.

---

[23] *Id*. at ¶ 29.

[24] ECF No. 1 at 13, ¶ 117.

[25] *Lund v. Eight Judicial Dist. Court*, 255 P.3d 280, 285 n.6 (Nev. 2011); Nev. Rev. Stat. §11.190(4).

[26] *Id*. at 6 ¶ 41; *United States v. Lescinsky*, 16-cr-00153 at ECF No. 35.

[27] ECF No. 1 at 5–6 ¶¶ 28, 43.

[28] *Id*. at 5 ¶ 32.

[29] *Id*. at 5 ¶ 36.

Lescinsky argues that the statute of limitations on this claim has not run because he did not become "aware of the actual damage [until] January 7, 2017 [,] when it became clear he would never be considered for any position as a police officer outside of CCSDPD."[30]  "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought."[31]  There is an exception to that rule—the "delayed discovery rule"—that tolls the limitations period "until the injured party discovers or reasonably should have discovered facts supporting a cause of action."[32]  But Lescinsky's argument for a departure from this rule is inconsistent with the allegations in his complaint where he asserts that his injury is based on the investigation and his reassignment to another school in 2015.[33]  Accordingly, I conclude that Lescinsky's defamation claim is also time-barred.

And even if this claim were timely, it must be dismissed because the alleged defamatory statements are shielded by the litigation privilege.  A civilian's complaint triggering an internal investigation of a police officer is absolutely privileged because the investigation is considered a quasi-judicial proceeding,[34] as are "communications uttered or published in the course of judicial proceedings [or] quasi-judicial hearings, complaints filed with an internal affairs bureau against a police officer, and even letters written in anticipation of litigation."[35]  In *Lewis v. Benson*, the Nevada Supreme Court held that a civilian's complaint alleging misconduct by two police

---

[30] ECF No. 17 at 14.

[31] *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).

[32] *Id*.

[33] ECF No. 1 at 13 ¶ 117; *id*. at 5 ¶ 36.

[34] *Lewis v. Benson*, 701 P.2d 751, 752 (Nev. 1985).

[35] *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 984 P.2d 164, 167 (Nev. 1999).

officers was absolutely privileged because it prompted an internal affairs investigation, which the Court deemed a quasi-judicial proceeding, and thus immunized the civilian for civil liability in a defamation claim by the police officers.[36] Lescinsky argues that *Lewis* is inapposite because the police department ultimately found the complaint to be unfounded, like CCSDPD did here, but he alleges that Detective Klemp "doctored the evidence" and his statements to the FBI.[37] *Lewis* makes clear that both statements are privileged as the statements concerned the investigation and anticipated litigation—even though the District Attorney declined to prosecute him.[38]

The Nevada Supreme Court also made clear that whether Detective Klemp or another defendant made the statements "knowingly, willfully, and maliciously with the intent to harm"[39] Lescinsky is irrelevant. The absolute litigation privilege applies even when the statements are made with malicious motive or "with knowledge of the communications falsity," so long as the alleged defamatory statements are made in litigation or in anticipation of litigation and relate "to the subject of the controversy."[40] Because the investigation and federal criminal case related to Lescinsky's use of force during the incident, the statements are absolutely privileged.

**4.  Lescinsky's Section 1983 Claim**

Lescinsky's 42 U.S.C. § 1983 claim and *Monell* arguments stem from his reassignment to another school based on his race.[41] Because § 1983 specifies no limitations period, we borrow

---

[36] *Id*.

[37] ECF No. 17 at 15. Lescinsky does not challenge the application of the privilege as to the statement regarding his fitness to work at the school.

[38] ECF No. 1 at 4 ¶¶ 27–29; *id*. at 10 ¶ 87–88.

[39] *Id*. at 13 ¶ 122.

[40] *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (internal quotation marks and alterations omitted).

[41] ECF No. 1 at 5–6.

7

the forum state's residual limitations period for personal injury actions.[42] Nevada's residual statute of limitations for personal injury actions is codified at NRS 11.190(4)(e), which provides a two-year period for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another."[43] Lescinsky's § 1983 claims are thus subject to a two-year statute of limitations. Because Lescinsky alleges that he was reassigned on July 24, 2015,[44] but he did not file his complaint until more than three years later on August 9, 2018, this claim is also time-barred.

**B.    Lescinsky's racketeering claim lacks the requisite specificity.**

The statute of limitations on a Nevada racketeering claim is "5 years after the violation occurs or after the injured person sustains the injury, whichever is later."[45] Lescinsky filed this complaint three years after the incident giving rise to his investigation and prosecution, so this claim is timely.

Defendants argue that Lescinsky has not suffered a racketeering injury and did not sufficiently plead the claim.[46] Nevada Revised Statutes § 207.470 provides a civil right of action for racketeering activity. "'Racketeering activity' means engaging in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or

---

[42] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *Perez v. Sanders*, 869 F.2d 425, 426 (9th Cir. 1989) (interpreting Nevada law).

[43] *Id.*; *Perez*, 869 F.2d at 426.6; NRS 11.190(4)(e).

[44] ECF No. 1 at 5 ¶ 36.

[45] Nev. Rev. Stat. § 207.520.

[46] ECF No. 11, 13.

8

methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents."[47] "Crimes related to racketeering" include, as relevant here, extortion, perjury or subornation of perjury, and offering false evidence.[48]

The Nevada Supreme Court has held "that civil racketeering claims must be pled with specificity"—which is the same standard used for a criminal indictment or information.[49] "A civil RICO pleading must, in that portion of the pleading [that] describes the criminal acts that the defendant is charged to have committed, contain a sufficiently 'plain, concise and definite' statement of the essential facts such that it would provide a person of ordinary understanding with notice of the charges."[50] In other words, "the complaint should provide information as to when, where[,] and how the underlying criminal acts occurred."[51]

Lescinsky's racketeering claim is primarily based on Detective Klemp's continued investigation into him after he was cleared by CCSD, CCSDPD, and the District Attorney's office, and Klemp's referral of the matter to the FBI based on "a grossly mischaracterized account" of the incident.[52] Lescinsky characterizes this activity as Detective Klemp advancing his vendetta against him based on a belief that Lescinsky was not "fit to serve as [an] officer."[53] Lescinsky then describes instances involving two different officers in which Klemp offered false testimony about his own training and qualifications[54] and disclosed confidential information

---

[47] Nev. Rev. Stat. § 207.390.
[48] *Id*. § 207.360(10), (29)–(30).
[49] *Cummings v. Charter Hosp. of Las Vegas, Inc.*, 896 P.2d 1137, 1141 (Nev. 1995)
[50] *Id*. (internal quotation marks omitted).
[51] *Id*. (internal quotation mark and alterations omitted).
[52] ECF No. 1 at 10 ¶ 87–90.
[53] *Id*. at ¶ 90.
[54] *Id*. at ¶ 91.

9

about another investigation to yet another officer during a phone call and threatened him to keep him from reporting the call.[55] But it is clear from the complaint that these events had nothing to do with Lescinsky. And although Lescinsky provides dates for two of the purported predicate acts, he does not "specify with particularity what conduct is complained of and . . . where it occurred." [56] Nor does he allege any facts to tie these events to the elements of extortion, falsifying evidence, or perjury.[57] Even if he had, a threat is not a predicate racketeering act.[58] Nor is a law-enforcement investigation, because it is subject to discretionary-act immunity, even when the investigator demonstrates "poor judgment and a general disregard for sound investigative procedure."[59] Because Lescinsky failed to plead his racketeering claim with specificity, I dismiss this claim without prejudice and with leave to amend.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the defendants' motions to dismiss **[ECF Nos. 11, 13] are GRANTED** with prejudice as to all claims other than racketeering, which I dismiss without prejudice and with leave to amend. For the same reason, I need not, so I do not reach the remaining arguments. It is FURTHER ORDERED that defendants' special motions to

---

[55] *Id.* at ¶ 93.

[56] *Id.* at 10 ¶ 88; *Cummings*, 896 P.2d at 1141.

[57] Nev. Rev. Stat §§ 197.170 (extortion by a public officer); 199.210 (offering false evidence); 207.470 (perjury).

[58] *First Pac. Bancorp, Inc. v. Bro*, 847 F.2d 542, 547 (9th Cir. 1988).

[59] *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996), *as amended* (Sept. 26, 1996) (applying discretionary-act immunity to Navy investigators under the Federal Tort Claims act); *Sandoval v. Las Vegas Metro. Police Dept.*, 854 F. Supp. 2d 860, 880 (D. Nev. 2012) ("A law enforcement officer is generally afforded discretionary-function immunity in conducting an investigation and effectuating an arrest so long as the officer does not violate a mandatory directive in doing so.").

dismiss under NRS § 41.660 **[ECF Nos. 18, 19] are DENIED** as moot. It is FURTHER ORDERED that plaintiff has 10 days to file an amended complaint if he can cure the deficiencies in his racketeering claim. If he fails to file an amended complaint by this deadline, this case will be closed. The amended complaint may not contain any claim dismissed with prejudice by this order.

Dated: September 17, 2019

_____
U.S. District Judge Jennifer A. Dorsey